NIMA FARBOODY (CA BAR NO. 262371)
20255 Corisco St.
Chatsworth, CA 91311
Tel: 818-886-3200
Email: nfarboody@mazalent.com

Attorney for MAZAL GROUP LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAZAL GROUP LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>OREN YOSEF (AKA OREN YOUSEF), TAL ZILKER, DANIEL GERGEL, GIANNA MEDAGALIA-HERRERA, DAVID BEKER, OY SOLUTIONS LLC, a Florida limited liability company, OY TRUST LLC, a Florida limited liability company, T&D TRADES LLC, a Florida limited liability company, THE GERGEL GROUP LLC, a Wyoming limited liability company and DOES 1 to 10,<br><br>Defendants. | Case No.: 2:23-CV-3278<br><br>**COMPLAINT FOR:**<br>1) **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, et seq.**<br>2) **TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT 15 U.S.C. §§ 1114.**<br>3) **TRADEMARK DILUTION UNDER THE LANHAM ACT 15 U.S.C. §1125(c)**<br>4) **NEGLIGENT INTERFERENCE WITH BUSINESS RELATIONS**<br>5) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS** |

## INTRODUCTION

1. This is an action by MAZAL GROUP LLC, a California limited liability company ("Plaintiff" or "MAZAL") to recover damages due to trademark infringement and the undermining of its business by OREN YOSEF (AKA OREN YOUSEF), TAL ZILKER, DANIEL GERGEL, GIANNA MEDAGALIA-HERRERA, DAVID BEKER, OY SOLUTIONS LLC, a Florida limited liability company, OY TRUST LLC, a Florida limited liability company, T&D TRADES LLC, a Florida limited

COMPLAINT
1

liability company, THE GERGEL GROUP LLC, a Wyoming limited liability company and DOES 1-10 ("Defendants" or "Defendant"), whose names have not yet been determined.

## JURISDICTION

1.      Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district and the harm caused by events were felt in this district.

2.      The Court has personal jurisdiction of the Defendants because Defendants have conducted extensive business in the State of California and are subject to the state's long arm statute under Cal. Code. Civ. Proc. §410.10. Plaintiff Mazal Group bought products from the Defendants that were shipped to California, the Defendants do substantial business with individuals residing in the State of California. Personal jurisdiction also arises out of Defendants' intentional conduct. See *Calder v. Jones,* 465 U.S. 783, 79 L.Ed.2d 804, 104 S.Ct. 1482 (1984) and *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998).

3.      The Court has original jurisdiction under the Lanham Act (15 U.S.C. §§ 1051 et seq., §1121). Subsequently, the Court may exercise supplemental jurisdiction. 28 U.S. Code § 1367.

## PARTIES TO THE ACTION

4.    Plaintiff MAZAL GROUP LLC is, and at all times material hereto was, a California Limited Liability Company whose principal place of business is in Chatsworth, California.

5.    Defendant OREN YOSEF is and at all times material hereto was, a natural person residing in Miami, Florida.

6.  Defendant TAL ZILKER is and at all time material hereto was, a natural person

residing in Hallandale Beach, Florida.

7. Defendant DANIEL GERGEL is and at all time material hereto was, a natural person residing in Miami, Florid.

8. Defendant GIANNA MEDAGALIA-HERRERA is and at all time material hereto was, a natural person residing in Miami, Florida.

9. Defendant DAVID BEKER is and at all times material hereto was, a natural person residing in Miami, Florida.

10. Defendant OY SOLUTIONS LLC is a Florida limited liability company owned by OREN YOSEF and based in Miami, Florida.

11. Defendant OY TRUST LLC is a Florida limited liability company owned by OREN YOSEF and based in Miami, Florida.

12. Defendant T&D TRADES LLC is a Florida limited liability company owned by TAL ZILKER and DANIEL GERGEL and based in Davie, Florida.

13. Defendant THE GERGEL GROUP LLC is a Wyoming limited liability company and is owned by DANIEL GERGEL and GIANNA MEDAGALIA-HERRERA.

14. All Defendants are agents of each other and engaged in a cooperative scheme detailed herein.

15. Plaintiff, MAZAL are ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitious named defendants is responsible in some manner for the occurrence herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.

## **GENERAL ALLEGATIONS**

16. Plaintiff, MAZAL is a company engaged in the marketing and distribution of beauty products.

17. MAZAL retains certain rights and privileges among them are the right to enforce intellectual property rights. *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.* (N.D. Cal., Nov. 14, 2012, 12 Civ. 5523 (WHA)). *Upper Deck Co. v. Panini Am., Inc.* (S.D. Cal. 2021) 533 F. Supp. 3d 956

18. The beauty products relevant to this case are from a brand named "Introstem" ("BRAND").

19. Some Defendants were once licensees of MAZAL. They were fully informed about the rules and restrictions in the license agreement that they signed and that it was the same for all other licensees.

20. Defendants are well aware of the agreements between MAZAL and the licensees which state they cannot sell BRAND products online. These license agreements also state that BRAND products are engraved with serial codes and that licensees cannot tamper with or destroy serial codes.

21. To enforce to protect health and safety through controlled recall structures, if needed, and customer service, MAZAL engraves serial codes/serial numbers to each product. The serial codes can be used to trace which lot was sold to whom, to trace how an item got online and who sold it to the online reseller and if the items are still safe.

22. Starting on or about November 14, 2022, MAZAL's License Enforcement team discovered Defendants were acquiring BRAND Products through unauthorized means.

23. MAZAL's License Enforcement team ordered BRAND products to be shipped to MAZAL's offices in Chatsworth, CA from Defendants' inventory on Ebay and Amazon.

24. MAZAL's License Enforcement team discovered the serial numbers on the

COMPLAINT
4

BRAND products were intentionally removed to obscure their origin and frustrate MAZAL's investigation.

25.   The removal of these serial numbers also frustrates MAZAL's customer services and may hamper safety efforts.

26.   This represents a great risk for MAZAL and exposes it to potential BRAND image damage if a recall is unsuccessful or if customer service is ineffective. In many ways the serial numbers themselves represent the BRAND's image and if the serial codes are removed, customers may determine that the BRAND itself removed them.

27.   Damage to MAZAL has also occurred in the form of lost revenue and potential lost revenue, as well as loss of good-will.

28.   Defendants sell the BRAND products on eBay and Amazon, and undercut Plaintiff's license distributors. Defendants use various handles including, Zilger Brands, bigbog786 and other names.

29.  Defendants do not inform customers and potential buyers that the serial codes have been removed from the products, which render the products material different in case of a product recall or customer service action. Defendants intentionally leave out this information because it would render the products counterfeit potentially dangerous to the customers.

30.  Defendants advertise their BRAND products as genuine and sold properly even though they are not.

31.  Defendants are engaged in a cooperative effort to subvert Plaintiff's license structure regarding sales channels and endanger the public safety. Each and every one of them are agents of the others and support a larger enterprise of obtaining beauty products from licensees of Plaintiff, removing the product serial codes, and then reselling them online, undercutting Plaintiff's licensees and price structures.

32.   Plaintiff reached out to Defendants numerous times in an attempt to correct Defendants' infringing conduct which damages Plaintiff and harms the BRAND products and presents a public safety hazard as it relates to BRAND products.

33. Defendants have not complied with Plaintiffs' demands.

34. Plaintiff seeks judgement against Defendants, each and every one, in this Court.

### FIRST CAUSE OF ACTION

UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, et seq.

BY PLAINTIFF MAZAL AGAINST DEFENDANTS AND DOES 1-10

35. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

36. Business and Professions Code, Section 17200 states, in pertinent part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

37. That among these are the infringement of MAZAL's trademark rights and the false advertisement of what purported to be an authorized sale of Brand products.

38. MAZAL alleges Defendants are liable for the above, in an amount that shall be determined at trial.

### SECOND CAUSE OF ACTION

TRADEMARK INFRINGEMENT LANHAM ACT 15 U.S. CODE § 1114

BY PLAINTIFF MAZAL AGAINST DEFENDANTS AND DOES 1-10

39. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

40. Plaintiff MAZAL has right to license and sublicense certain intellectual property in connection with the BRAND.

41. Pursuant to the holding in *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 246 (2d Cir. 2009) as adopted in *Moroccanoil, Inc. v. Perfumes World Com, Inc.* (C.D.Cal. 2017) 234 F. Supp. 3d 1026, 1030, items are found to be counterfeit if there are material differences sold under the same mark and the threshold for such differences are very low. "[N]o more than a slight difference which consumers would likely deem relevant when considering a purchase of the product." *Zino* at 246. "To be a genuine product in the U.S., it must be identical to authorized products sold in the U.S. and not contain material differences with the authorized product." *Hokto Kinoko Co. v. Concord Farms, Inc.* (C.D.Cal. 2011) 810 F.Supp.2d 1013, 1028.

42. Courts have found that material differences exist when there is a difference in customer service, warranty, and quality control. *Hokto Kinoko Co. v. Concord Farms, Inc.* (C.D.Cal. 2011) 810 F.Supp.2d 1013, 1026.

43. All authorized sold products of BRAND come with a BRAND warranty, BRAND satisfaction guarantee, and BRAND customer service.

44. Defendants' products sold on their webstores that bear the Trademark are materially different because they have removed serial codes, they are not afforded BRANDS' customer service, warranty, and quality control, as would be determined with a simple serial code search.

45. Defendants' use Trademarks on products that are materially different is likely to cause confusion with consumers, making them believe they are getting the above warranties, services, and quality assurances, when in reality they are not.

46. Defendants' use of the Trademarks is not approved.

47. Defendants have infringed on Trademarks, and other trademarks to be proven at trial.

48. Plaintiff alleges Defendants willfully, intentionally, maliciously, deliberately and in bad faith infringed on the Trademarks and other intellectual property.

49.   As a direct and proximate result of the above actions of Defendants, Plaintiff has suffered compensatory and consequential damages in an amount to be proven at trial.

50.   This case qualifies for enhanced damages and attorneys' fees pursuant to 15 USC § 1117.

51.   Plaintiff's remedies at law are not adequate and accordingly Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

## THIRD CAUSE OF ACTION

### TRADEMARK DILUTION UNDER 15 U.S.C § 1125

### BY PLAINTIFF MAZAL AGAINST DEFENDANTS AND DOES 1-10

52.   Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

53.   The Trademarks are famous and distinctive and are entitled to protection against their dilution by Defendants.

54.   Defendants' use of the Trademarks is likely to dilute the distinctive quality of Plaintiff's Trademarks in violation of 15 U.S.C. §§ 1125(c) and 1127.

55.   Defendants' acts complained of herein are likely to damage Plaintiff irreparably.  Plaintiff has no adequate remedy at law for such wrongs and injuries.  The damage to Plaintiff includes harm to its trademarks, trade dress, goodwill, and reputation that money cannot adequately compensate.  Plaintiff is therefore entitled to a preliminary and permanent injunction enjoining Defendants' use of the Trademarks in connection with the promotion, advertising and sale of any goods or services by Defendants.

56. Plaintiff is further entitled to recover from Defendants the actual damages sustained by Plaintiff as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of monetary damages it has suffered by reason of Defendants' acts of dilution.

57. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages Defendants have realized by reason of Defendants' willful acts of dilution.

58. Because of the willful nature of Defendants' actions, Plaintiff is entitled to all remedies available under 15 U.S.C. §§ 1117 and 1118.

### FOURTH CAUSE OF ACTION

NEGLIGENT INTERFERENCE WITH AN ECONOMIC RELATION

BY PLAINTIFF MAZAL AGAINST DEFENANTS AND DOES 1-10

59. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

60. Plaintiff was engaged in, at the time of the events described herein, and is presently engaged in, business relations with licensees through right to sell licenses.

61. Defendants knew or should have known about these relations. Defendants knew or should have known that the actions described herein, namely the laws through unauthorized channels and the disruption of MAZAL's distribution network would do substantial harm to MAZAL.

62. Defendants failed to act with reasonable care and harmed MAZAL as a result of their breach of contact.

COMPLAINT

9

63.     Due directly and substantial to Defendants' wrongful conduct, MAZAL's relations with other licensees and business relations were harmed.

64.     Defendants are liable for negligent interference with an economic relation.

65.     Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendants' negligent interference with their economic relations in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS BY PLAINTIFF MAZAL AGAINST DEFENANTS AND DOES 1-10

66.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

67.     Plaintiff alleges that MAZAL and its licensees enter into contracts for the right to sell BRAND products.

68.     Plaintiff alleges that several licensees were and are upset with MAZAL due to the actions of Defendants, in challenging their unit price structure and advertising restrictions, among other actions herein alleged.

69.     Defendants knew of these license contracts and knew that their actions would frustrate or impair those license contracts.

70.     Defendants committed the above actions to frustrate those license contracts and harm MAZAL's relationship with those licensees.

71.     MAZAL was indeed harmed by Defendants actions, as herein described, in relation to these license contracts.

72.     Plaintiff has suffered injury and damages and has lost income as a result of Defendants' intentional interference with their contractual relations in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgement against Defendants, and each of them, as follows:

1. For all statutory damages pursuant to 15 U.S. Code § 1117 to be proven at trial but expected to exceed $2,000,000.

2. To enjoin Defendants from advertising, promoting, selling, distributing BRAND products and/or products that purport to be BRAND products.

3. For any and all damages that may apply due to any contractual relations that MAZAL and any of the Defendants may have had.

4. For general and consequential damages to be established at trial.

5. For injunctive relief.

6. For costs of suit incurred herein.

7. For such other and further relief as the Court deems just and proper.

## **REQUEST FOR BENCH TRIAL**

Plaintiff hereby requests a bench trial.

Respectfully submitted.

Dated:  05/01/2023

By:___/s/Nima Farboody_____
NIMA FARBOODY
Attorney for Plaintiff
MAZAL GROUP, L