_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES – GENERAL

Case No. 2:23-cv-03278-FWS-AGR                         Date: August 6, 2024
Title: Mazal Group LLC v. Oren Yosef, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

  Melissa H. Kunig                                               N/A   
    Deputy Clerk                                                   Court Reporter

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

    Not Present                                                   Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITH PREJUDICE
FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT
ORDER [45]**

In this case, Plaintiff Mazal Group LLC's ("Plaintiff") alleges that Defendant Oren Yosef
("Yosef") infringed Plaintiff's trademark. (*See generally* Dkt. 1.)[1]  On July 12, 2024, the court
denied Plaintiff's Motion for Default Judgment against Yosef and dismissed Plaintiff's
Complaint with leave to amend. (Dkt. 45.)  The court explained that Plaintiff failed to make a
sufficient showing that the court has personal jurisdiction over Yosef and that Plaintiff also
failed to sufficiently allege its claims against Yosef. (*Id.* at 5, 7, 11.)  Based on the specifically-
identified pleading deficiencies—specifically that "Plaintiff never adequately demonstrates
what Yosef himself allegedly did wrong," instead making broad allegations as to all
Defendants—the court *sua sponte* dismissed Plaintiff's Complaint for failure to state a claim.

_____

[1] Yosef is the only remaining defendant in this case.  Plaintiff filed this case against Yosef and
several other Defendants: Tal Zilker, Daniel Gergel, Gianna Medagalia-Herrera, David Beker,
Oy Solutions LLC, Oy Trust LLC, T&D Trades LLC ("T&D"), and The Gergel Group LLC
("Gergel Group").  (*See* Dkt. 1.)  The court granted motions to dismiss for lack of personal
jurisdiction as to Beker, Gergel, Medaglia-Herrera, T&D and Gergel Group.  (Dkts. 38, 40.)
And after the court issued an Order to Show Cause Re Dismissal for Lack of Prosecution, (Dkt.
43), Plaintiff voluntarily dismissed Zilker, Oy Solutions LLC, and Oy Trust LLC.  (Dkt. 44.)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-03278-FWS-AGR                                     Date: August 6, 2024
Title: Mazal Group LLC v. Oren Yosef, *et al.*

(*Id.* at 7, 12.)  The court granted Plaintiff leave to file an amended complaint addressing the identified deficiencies and ordered Plaintiff to file any amended complaint on or before July 25, 2024.  (*Id.* at 13.)  Further, the court noted that "failure to comply with this order or to otherwise prosecute this action will result in dismissal," citing authority regarding courts' power to dismiss actions with prejudice for lack of prosecution.  (*Id.*)  Now, twelve days after the court's deadline for Plaintiff to file an amended complaint, Plaintiff has filed nothing.  (*See generally* Dkt.)

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the court concludes these factors support dismissal due to Plaintiff's failure to prosecute this case and comply with the court's order setting a July 25, 2024, deadline to amend its Complaint to address the deficiencies the court specifically identified in its order.  As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  *Pagtalunan*, 291 F.3d at 642.  When a plaintiff fails to follow a court order to file an amended complaint, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court."  *Yourish*, 191 F.3d at 990 (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *1 (N.D. Cal. Sept. 20, 2010) (explaining that a plaintiff's failure to comply with a court order to file an amended

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-03278-FWS-AGR                                      Date: August 6, 2024
Title: Mazal Group LLC v. Oren Yosef, *et al.*

complaint or dismiss "inherently delays resolution of the case and works to the detriment of the public").

As to the third factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Here, Plaintiff offers no reason for failing to timely file an amended complaint. This factor therefore favors dismissal. *See id.* at 991-92 ("Plaintiffs' paltry excuse for his default on the judge's order [to file an amended complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal.").

Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Plaintiff's failure to timely prosecute this case, including its failure to file a sufficient complaint by the court's deadline, lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. This factor is neutral and does not preclude dismissal.

Finally, the court has attempted less drastic alternatives, but they have failed. The court gave Plaintiff ample time to file an amended complaint addressing the identified deficiencies. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal."). The court also informed Plaintiff that failure to file an amended complaint by the court's deadline would result in dismissal of its claims. (Dkt. 45 at 13 ("Finally, the court notes that failure to comply with this order or to otherwise

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-03278-FWS-AGR                     Date: August 6, 2024
Title: Mazal Group LLC v. Oren Yosef, *et al.*

prosecute this action will result in dismissal.")); *see Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."). This favor therefore weighs in favor of dismissal.

On balance, the court finds the relevant factors weigh in favor of dismissal. *Cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). The court gave Plaintiff ample time to file an amended complaint addressing specifically-identified deficiencies, and warned Plaintiff that failure to file an amended complaint by the deadline would result in dismissal, yet Plaintiff failed to file an amended complaint by the deadline or otherwise prosecute this case. Plaintiff's Complaint against Yosef is therefore **DISMISSED WITH PREJUDICE**.

Initials of Deputy Clerk:  mku